No. 4901.

(Court of Appeal, Parish of Orleans.)

## S. GRABFELDER & CO. vs. IRA A. POWERS ET AL.

C. Rosen for plaintiff and appellee.

Walker & Wolf attorneys.

Geo. J. Untereiner for appellant.

DUFOUR, J.—A motion to dismiss this appeal is made on the ground that "neither mover nor the other parties defendant have been cited to answer said appeal."

It appears that, in the order of appeal the Court directed that "all other parties to said judgment be cited to answer said appeal according to law."

No citation was served, but we do not see that the appellant was to blame.

In **Vredenburg vs. Behan, 32 An. 564,** citing numerous authorities, the Court said:

"Appellants were not bound to mention the names of appellees in their petition for appeal. They prayed that the plaintiffs, who are the appellees, be cited. This was sufficient. It was the duty of the Clerk to issue citations to all the plaintiffs mentioned in the petition, and it was the duty of the Sheriff to serve the citations. No appeal should be dismissed, unless the fault is attributable to appellants; such is not the case here."

The motion is denied, and appellant is granted until December 15th, to have citation of appeal issue.

Motion denied.

November 29, 1909.

### On the Merits.

GODCHAUX, J.—In January, 1907, the plaintiff, a West Virginia corporation, employed defendant, Powers, as its New Orleans agent to sell its whiskies and other liquors in said city, his duties including the collection

of the price due on all sales that he made and the prompt remittance thereof, in full and without deduction of his commissions to the company at its home office. He executed a bond for $2,500 in favor of the plaintiff, with Hatry, Kuhlman and Zahn as joint sureties, conditioned that ''Powers shall well and faithfully perform all his duties under said employment and shall truly and faithfully, in accordance with the terms of said contract of employment, account for and pay over to said corporation all sums of money so collected by him.''

A few months thereafter Powers failed to remit or to account for, in fact, embezzled, large sums which he had thus collected and fled from the city. Demand was immediately made upon the sureties for a settlement of the shortage, and one of them, Hatry, promptly paid his one-third share of it. Kuhlman and Zahn having denied liability, this suit against them was instituted, wherein plaintiff seeks a judgment against each of them for $430.48, being one-third of the alleged shortage. Kuhlman excepted, then answered and finally, before trial, confessed judgment and paid the amount due by him. Zahn was the only defendant to seriously contest the suit and judgment having been rendered against him for $423.82, he appeals to this Court.

Our examination of the record satisfies us that the extent or measure of recovery against Zahn has been properly fixed in the judgment rendered against him and this judgment must be affirmed, unless we sustain a special defense wherein he urges that the bond from which his alleged liability arises is null because plaintiff, a foreign corporation, had failed to comply with Article 264 of the Constitution and Act No. 54 of 1904 to carry said article into effect.

The defendant's contention is a very restricted one, and is succinctly stated in his brief as follows:

"'While it is true that the business done by plaintiff was interstate business, and, as such, the nature of the business itself relieved plaintiff from complying with the statutory and constitutional requirements, yet the taking of a bond to guarantee the honesty of Powers was not interstate business, but an act well within the grasp of Article 264 of the Constitution and Act 54 of 1904.'"

It will be noted that defendant concedes that the business conducted in this State by the plaintiff through Powers was not subject to said constitutional and statutory requirements for the reason that said business constituted commerce between the States protected from State regulation by the Federal Constitution, and this concession relieves the Court of the necessity of expressing any view upon this question.

Defendant contends, however, that the acts of employing Powers and of securing a bond to guarantee his honesty were distinct from said business, and did not in themselves constitute interstate commerce, and were consequently within the purview of said requirements.

This contention is untenable, for, if the plaintiff, as defendant concedes, had the legal right to do business in this State, it follows that it had an equal right to perform such acts and to make such contracts as are necessary and incident to a proper transaction of such business. Having the right to do business, the additional right to employ Powers to transact it on its behalf, as well as the right to fully protect itself from the dishonesty of its said employee, follow naturally and necessarily; for the recognition of the right to transact business would be a mere shadow, unless the power and means of enforcing, exercising and enjoying that right are likewise conceded.

We are of the opinion that the contract of surety-

ship was merely incidental to the business which defendant concedes that the plaintiff was authorized to transact, and, consequently, it is a legal and enforceable contract to the same extent as the business itself would be.

The case of **McCanna vs. Surety Company, 35 L. R. A. 236**, has been cited as sustaining defendant's view. Our examination of this case divulges that the corporation was without legal right to do business in the State, and, consequently, the Court held that the bond guaranteeing the honesty of the employee who transacted this business was void and unenforceable, being a contract to protect said corporation in the conduct of an unlawful business. The case, therefore, has no application to this controversy, nor has the case of **Chattanooga, Etc., Ass'n. vs. Denson, 189 U. S. 408**, which is, likewise, cited by defendant.

Accordingly the judgment of the lower Court is affirmed.